**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **MICHELLE M. THICK,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. _____ |
| **DOLGENCORP OF TEXAS, INC.** **D/B/A DOLLAR GENERAL** | § § § § § | |
| *Defendant*. | § | |

**PLAINTIFF'S COMPLAINT**

COMES NOW, Michelle M. Thick, Plaintiff, (hereinafter referred to as "Thick") complaining of Defendant, Dolgencorp of Texas, Inc., d/b/a Dollar General (hereinafter referred to as "Defendant"), and would respectfully show unto the Court as follows:

**I.  JURISDICTION AND VENUE**

1. Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. §1331 and the Americans with Disabilities Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 *et seq*.

2. Venue is proper in the Eastern District of the State of Texas pursuant to 28 U.S.C. ¶ 1391(c). The Defendant is a for-profit organization which regularly conducts business in the State of Texas.

**II.  PARTIES**

3. Plaintiff, Michelle M. Thick, is a resident of the City of Denton, the County of Denton, the State of Texas.

4. Defendant, Dolgencorp of Texas, Inc., d/b/a Dollar General is a domestic corporation authorized to do business in the State of Texas and may be served with process by

serving its Registered Agent, to wit: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701- 3218 USA.

### III. ADMINISTRATIVE PROCEDURES

5. Thick filed a charge of employment discrimination against the Defendant with the District Office of the Equal Employment Opportunity Commission within 300 days of the acts complained of. Thick received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated September 8, 2016, entitling her to institute a civil action within 90 days of the date of the receipt of said notice.

### IV. BACKGROUND

6. Thick in November 2014 began her employment with the Defendant as an assistant store manager in a store located in Denton, Texas.

7. At the request of the Defendant, Thick began filling in as an assistant store manager at a different store location in Denton on March 24, 2015. In this new store location in Denton, Thick reported to Store Manager, Agnes Johnson ("Johnson").

8. On the morning of March 27, 2015, Thick was working the cash register when she began experiencing hypoglycemia. Thick is diabetic. After Thick realized she was experiencing hypoglycemia she retrieved her purse to get some glucose pills and/or snacks to raise her blood sugar. When Thick retrieved her purse she realized that she had left her glucose pills and snacks at home. Realizing she needed to eat something quickly to prevent her from losing consciousness from her low blood sugar, Thick took a candy bar and a bag of chips from the store shelf and ate them.

9. Prior to opening the items, Thick attempted to locate Johnson to ask permission to eat something from the shelf and to pay for the items, but Thick could not locate Johnson before her symptoms worsened so she ate the snacks which cost approximately $3.00 retail.

10. A few minutes later Johnson approached Thick while Thick was working behind the counter and asked Thick whether she had paid for the items. Thick informed Johnson that she attempted to locate Johnson to ring the items prior to eating the items Thick's condition worsened and she did not have time to locate Johnson. At the end of the conversation Thick paid for the items which cost approximately $3.00 retail.

11. Prior to this incident Thick had informed Johnson and District Manager, Angela Lopez of her diabetes.

12. Thick continued to perform her job duties until April 4, 2015, when Thick was contacted by Angela Lopez and Johnson who informed Thick that her employment with the Defendant was being terminated for violating Defendant's policy.

13. The stated reason for discharge is pretext. Thick was later informed by the then Hiring Manager, Debbie Arnold they should have told Thick she could use a Debit Card without need of a different cashier.

## V. DISABILITY DISCRIMINATION

14. On information and belief, the Defendant discriminated against Thick because of her disability (diabetes) in violation of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), as amended, and 42 U.S.C. §§ 12101 et seq. The discriminatory practices and policies include, but are not limited to the following:

(a) By terminating Thick's employment on April 4, 2015;

(b) By failing to make reasonable accommodations for Thick's condition;

  (c)  Discriminating against Thick in the terms, conditions and privileges of Employment.

## VI. DAMAGES

15. The Defendant's conduct towards Thick caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Thick seeks compensatory damages.

16. Thick's harm was a result of the Defendant's malice or reckless indifference to Thick's protected rights, thus Thick seeks exemplary damages.

17. Thick seeks statutory damages, back pay, front pay and or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, interest and such other and further legal and equitable relief to which Thick is entitled.

18. Thick is entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, exemplary damages and such other and further relief to which Thick is entitled because of the actions and or omissions complained of above.

## VII.

All conditions precedent to the filing of this action have been fulfilled.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Thick respectfully prays that Defendant be cited to appear herein, and, on hearing hereof, the Court grant the following:

1. Lost earnings and employee benefits in the past;
2. Compensatory damages in the past (which may include mental anguish and other nonpecuniary losses);
3. Exemplary damages;
4. Reinstatement to Thick's former position of employment;
5. Reasonable and necessary attorney's fees;
6. Costs and prejudgment interest; and
7. Such other and further relief, both legal and equitable, to which Thick may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF JOHN E. WALL, JR.**
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284
(214) 887-0100 (*telephone*)
(214) 887-0173 (*telecopier*)

*/s/ John E. Wall, Jr.*
John E. Wall, Jr.
State Bar No. 20756750
jwall@jwall-law.com

*Attorney for Plaintiff*