# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MICHELLE M. THICK | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00733 |
| | § | Judge Mazzant |
| DOLGENCORP OF TEXAS, INC. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Stay Pending Action and to Compel Arbitration (Dkt. #3). Having considered the pleadings, the Court finds the motion should be granted.

## BACKGROUND

Plaintiff Michelle Thick ("Plaintiff") worked for Defendant Dolgencorp of Texas, Inc. ("Dollar General") from November 2014 until Dollar General terminated her employment on April 4, 2015. Plaintiff filed suit on September 20, 2016, alleging that Dollar General discriminated against her because of her disability in violation of the American with Disabilities Amendments Act of 2008 (Dkt. #1). Dollar General contends that Plaintiff's claims are subject to the Dollar General Employee Arbitration Agreement (the "Agreement") and should be abated until the completion of arbitration. Plaintiff states that she "does not believe she ever viewed; was informed of; or was presented" the Agreement (Dkt. #4 at p. 5).

The Agreement provides that Plaintiff agrees to participate in binding arbitration and that:

> with the exception of certain excluded claims described below, any legal claims or disputes that you may have against Dollar General, its parent and subsidiary corporations, employees, officers and directors arising out of your employment with Dollar General or termination of employment with Dollar General ("Covered Claim" or "Covered Claims") will be addressed in the manner described in this Agreement. You also understand that any Covered Claims that Dollar General may have against you related to your employment will be addressed in the manner described in this Agreement.

Under the Agreement, Covered Claims include claims alleging violations of "state and federal laws prohibiting discrimination, harassment, and retaliation . . . claims for wrongful termination." The Agreement further states that Plaintiff expressly waives the right to file a lawsuit in court against Dollar General asserting any Covered Claims.

The Agreement contains an acknowledgment box including Plaintiff's name, the last four digits of her social security number, her initials and is dated November 13, 2014. The acknowledgment box is checked, and states "I agree to the terms of the Agreement. I understand and acknowledge that by checking this box, both Dollar General and I will be bound by the terms of this Agreement." The Agreement also includes a box stating that Plaintiff may take up to thirty days to review and consider the Agreement and expressly opt out of the Agreement. This option in the Agreement was not selected.

Dollar General's Human Resources Shared Services Supervisor, Lynne Poole, provided an affidavit stating that based on her records, on November 13, 2014, Plaintiff accepted the Agreement through the online Express Hiring System. In order to access the Agreement

> Dollar General candidates, including Plaintiff, must enter their unique login identification number, which is their social security number . . . and their password, which is the month and day of their birth . . . The candidate must then immediately create a unique password containing up to sixteen (16) numbers. The candidate must then provide their telephone number and email address and must set up six (6) security question and answers to be used if a password reset is requested.

Other than stating that she does not recall ever electronically acknowledging and agreeing to be bound or participate in the Agreement, Plaintiff has not produced evidence that she did not complete the Agreement.

On October 13, 2016, Dollar General filed the pending motion to stay and compel arbitration (Dkt. #3). On December 31, Plaintiff filed a response (Dkt. #4). Dollar General replied on November 16, 2016 (Dkt. #7).

2

**LEGAL STANDARD**

"The Federal Arbitration Act ("FAA") expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). The FAA, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the Court must address two questions. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (citing *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id*. In regard to the first question of contract validity, the Court should apply "ordinary state-law principles that govern the formation of contracts." *Id.*, 568 F.3d at 222 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The second question of scope is answered "by applying the 'federal substantive law of arbitrability . . . .'" *Id*. (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

**ANALYSIS**

The Court finds that there is a valid agreement to arbitrate. Texas has adopted the Uniform Electronic Transactions Act (Tex. Bus. & Com. Code §§ 322.001–322.021), which provides that electronic signatures may be used in contract formation. Tex. Bus. & Com.Code § 322.009(a). Dollar General provided a copy of the Agreement containing Plaintiff's electronic signature and the last four digits of her social security number. Dollar General also provided evidence of the

multiple steps and personal identifying information required to log into the Express Hiring System to sign the Agreement. Plaintiff only contends that she does not recall signing the Agreement and would not have signed the Agreement. There is no evidence before the Court to indicate that Plaintiff did not sign the Agreement. Dollar General has met their burden of establishing, by a preponderance of evidence, that a valid agreement to arbitrate exists between the parties. *See Walker v. Tao Operating L.L.C.*, No. 1:13-CV-619, 2014 WL 11904577, at *7 (E.D. Tex. Aug. 14, 2014), *report and recommendation adopted sub nom. Walker v. TA Operating L.L.C.*, No. 1:13-CV-619, 2014 WL 11860775 (E.D. Tex. Sept. 12, 2014) ("A party should not be able to avoid the enforcement of an arbitration agreement that is otherwise valid by obliquely stating without any supporting proof that it is not a genuine signature."); *Holmes v. Air Liquide USA LLC*, No. CIV.A. H-11-2580, 2012 WL 267194, at *3 (S.D. Tex. Jan. 30, 2012), *aff'd sub nom. Holmes v. Air Liquide USA, L.L.C.*, 498 F. App'x 405 (5th Cir. 2012) ("While it is conceivable that someone else could have used [Plaintiff's] unique log in information to access her computer, her email, and her eHR site, and then signed the ADR agreement on her behalf, Defendants' evidence proves that such a set of events would be highly unlikely.").

Further, the claims Plaintiff has asserted in this lawsuit are "Covered Claims" under the Agreement. Because all claims fall under the parties' Agreement, Plaintiff must assert her claims against Defendant in arbitration rather than in this Court. Moreover, the Court is aware of no federal statute or policy which renders Plaintiff's claims nonarbitrable. Under the FAA, once a court finds that arbitration is required, it must stay the underlying litigation to allow arbitration to proceed. 9 U.S.C. § 3.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Stay Pending Action and to Compel Arbitration (Dkt. #3) is hereby **GRANTED** and the case is **STAYED** pending arbitration.

**SIGNED this 11th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE